# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **ROLANDO ARISTIL** | * | **CIVIL ACTION NO. 11-0221**<br>Section P |
| **VERSUS** | * | **JUDGE DONALD E. WALTER** |
| **JOHN SMITH, WARDEN, TENSAS PARISH DETENTION CENTER, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court pursuant to 28 U.S.C. §636(b)(1)(B), is a "Motion to Dismiss" [doc. 13] filed by respondents in the instant *habeas corpus* proceeding. For reasons explained below, it is recommended that the motion to dismiss be GRANTED, and that the petition be DENIED and DISMISSED, as moot.

## Background

Rolando Aristil filed the instant pro se Petition for Writ of *Habeas Corpus* Under 28 U.S.C.§ 2241 on January 31, 2011. At the time of filing, petitioner was an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). He was detained at the Tensas Parish Detention Center, Waterproof, Louisiana, awaiting removal to his native country. Relying on *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491 (2001), petitioner argued that his continued detention in excess of six months violated his constitutional rights.

In light of the facts alleged by petitioner, the court ordered the government to respond to the petition. (March 4, 2011, Order). On March 29, 2011, the government so complied.

(Answer [doc. # 12]). On April 25, 2011, the government supplemented its response with the instant motion to dismiss the petition as moot. In support of the motion, respondents presented uncontroverted evidence tending to establish that on April 15, 2011, the government effected petitioner's removal from the United States. (Decl. of Lori Wilson; M/Dismiss Exh.). Petitioner did not respond to the motion; thus, it is deemed unopposed. *See* Notice of Motion Setting [doc. # 14]).[1]

## Law and Analysis

The undisputed summary judgment-type evidence before the court establishes that the petitioner is no longer in custody.[2] Furthermore, because the only relief sought by petitioner was his immediate release from custody, the undersigned concludes that petitioner's challenge to his post-removal-order detention is now moot and should be dismissed. Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of *Habeas Corpus* be **DENIED and DISMISSED WITH PREJUDICE,** as moot.

---

[1] The Post Office returned the Notice to the Clerk of Court, marked, "Not Deliverable . . . Unable to Forward." [doc. # 15]. At a minimum, the returned notice confirms that petitioner is no longer housed at the Tensas Parish Detention Center. Moreover, petitioner's failure to keep the court apprised of his address change constitutes grounds for dismissal for failure to prosecute. *See* LR 41.3W.

[2] "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 26th day of May 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE